# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PROJECTS UNLIMITED, INC.,

      Plaintiff,     :    Case No. 3:09-cv-284

                                District Judge Walter Herbert Rice
    -vs-                        Magistrate Judge Michael R. Merz

                            :

ALL TECH ELECTRONICS, INC.,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion to Dismiss of Defendant All Tech Electronics, Inc. (Doc. No. 8) which Plaintiff opposes (Doc. No. 13). All Tech has filed a reply memorandum in support (Doc. No. 14). Thus the Motion is ripe for decision.

This case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 737(b) for all pre-trial matters (Preliminary Pretrial Conference Order, Doc. No. 12). Motions to Dismiss involuntarily are dispositive motions within the meaning of 28 U.S.C. § 636(b), requiring a recommendation from a magistrate judge rather than a decision.

All Tech seeks dismissal on three separate bases: (1) for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); (2) under the doctrine of forum non conveniens; and (3) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim in negligence. The three asserted bases will be discussed separately.

**Personal Jurisdiction**

The party asserting that a federal court has personal jurisdiction has the burden of proving it. *Brunner v. Hampson,* 441 F.3d 457 (6th Cir. 2006); *CompuServe, Inc., v. Patterson,* 89 F.3d 1257 (6th Cir. 1996); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974).

If the court determines to decide the issue without an evidentiary hearing, however, the party need only make a *prima facie* showing. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)(quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980). The pleadings and affidavits are to be considered in the light most favorable to the plaintiff without considering defendant's controverting assertions. *Bridgeport Music v. Still N The Water Publ'g,* 327 F.3d 472, 478 (6th Cir. 2003).

"In diversity cases, federal courts apply the law of the forum state to determine whether personal jurisdiction exists." *Nationwide Mutual Ins. Co. v. Tryg Intl. Ins. Co.,* 91 F.3d 790, 793 (6th Cir. 1996), citing *LAK, Inc., v. Deer Creek Enterprises,* 885 F.2d 1293, 1298 (6th Cir. 1989)(citing *Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 376, n. 2 (6th Cir. 1968).

When determining whether a state court has personal jurisdiction over a nonresident defendant, the court is obligated to (1) determine whether the state's "long-arm" statute and the applicable state civil rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. *Goldstein v. Christiansen*, 70 Ohio St. 3d 232235, 638 N. E. 2d 542, 543 (1994), citing *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.,* 68 Ohio St. 3d 181, 183-84, 624 N.E. 2d 1048, 1051 (1994).

This analysis is not conflated into one step because Ohio's long-arm statute does not reach

to the limits allowed by the Constitution. *Cole v. Mileti*, 133 F.3d 433, 436, (6th Cir. 1998) citing *Goldstein,* 638 N.E. 2d 545, n.1. On this point, *Cole* overrules a long-standing analysis of Ohio law by the Sixth Circuit. See *In-Flight Devices v. VanDusen Air, Inc.,* 466 F.2d 220 (6th Cir. 1972); *Creech v. Roberts*, 908 F.2d 75 (6th Cir. 1990); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996).

Plaintiff asserts that All Tech's contacts with Ohio make it subject to general personal jurisdiction here, relying on *Miller v. Toyota Motor Corp.*, 2008 U.S. App. LEXIS 16386 (6th Cir. 2008). In *Miller*, the court relied on *Nationwide Mutual, supra*, a 1996 case, and did not cite *Cole*, a published decision from 1998. *Nationwide Mutual,* in turn, relied on the prior analysis that Ohio's long-arm statute "extends to the constitutional limits of the Due Process Clause." 91 F.3d at 793. This Court has previously expressly recognized that *Cole* overruled *Nationwide Mutual* on this point. *Alcoa, Inc., v. Delta,* 2009 U.S. Dist. LEXIS 31202 (S. D. Ohio 2009).

The Court adheres to its prior ruling and determines that it cannot exercise general personal jurisdiction over All Tech on the basis of the Ohio long-arm statute because that statute does not authorize general personal jurisdiction. See also *NCR Corp. v. PC Connections,* 384 F. Supp. 2d 1152, 1157 (S.D. Ohio 2005)(Rose, J.)(applying Federal Circuit law in a patent case and noting that this Court had previously held general jurisdiction was not available, *Id.* at 1157, citing *MacDonald v. Navistar International Transportation Corp.*, 143 F. Supp. 2d 918, 923 (S.D. Ohio 2001); and *Smith v. Turfway Park*, 1999 U.S. Dist. LEXIS 21692, No. C-3-97-145, 1999 U.S. Dist. WL 33117268, at *2 (S.D. Ohio March 22, 1999).

Alternatively, Projects Unlimited argues All Tech is subject to specific personal jurisdiction under the long-arm statute. Ohio Rev. Code § 2307.382 provides in part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
> (1) Transacting any business in this state;

>   (2) Contracting to supply goods or services in this state;
>   (3) Causing tortious injury by an act or omission in this state;

This case plainly arises out of All Tech's contracting to sell twenty reels of diodes to Projects Unlimited and then completing the sale by shipping those twenty reels to Projects Unlimited in Ohio. The question then must be whether the exercise of personal jurisdiction is constitutional or not. A single act may constitute transacting business within the Ohio long-arm statute and consistent with due process of law, if the facts of the case meet a three-part test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220, 226 (6th Cir. 1972); *National Can Corp. v. K Beverage Co.,* 674 F.2d 1134, 1137-38 (6th Cir. 1982). The requirement that a defendant personally avail itself of the privilege of acting in the forum State ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous or attenuated contacts of another party or a third person. *Conti v. Pneumatic Products Corp.,* 977 F.2d 978, 982 (6th Cir. 1992). The constitutional touchstone remains whether the defendant purposefully established minimum contacts with the forum State. *Nationwide Life Ins. Co. v. Hampton Supply*, 829 F. Supp. 915, 917 (S.D. Ohio 1993).

The Supreme Court has further explicated this test by requiring "an action of the defendant purposefully directed toward the forum state." *Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S. 102, 112 (1987). The Court further explained:

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.

*Id.*

Plaintiff and Defendant argue about the significance of All Tech's website.

> The Sixth Circuit has adopted the "Zippo sliding scale" approach to determine if the operation of a website constitutes purposeful availment. *The Cadle Company v. Schlichtmann*, 123 Fed.App'x 675, 678 (6th Cir. 2005). The "Zippo sliding scale" approach "distinguishes between interactive websites, where the defendant establishes repeated online contacts with residents of the forum state, and websites that are passive, where the defendant merely posts information on the site." *Id.* "Interactive websites can subject the defendant to specific personal jurisdiction, whereas passive websites are less likely to confer such jurisdiction. *Id.* (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889-91 (6th Cir. 2002)).

*U.S. Diamond & Gold v. Julius Klein Diamonds*, 2007 U.S. Dist. LEXIS 23076 *21 (S.D. Ohio March 29, 2007)(Rose, J.). Based on the facts shown by the evidence attached to Plaintiff's Memorandum in Opposition, All Tech's website is not interactive enough to allow completion of a contract transaction on line, but is far more than merely a passive information-posting place.

Project Unlimited's evidence also shows that All Tech has purposefully availed itself of transacting business in Ohio in other ways, both with Projects Unlimited and other Ohio companies, in amounts of nearly $2 million since 2001. These extensive sales are far more important than the appropriate characterization of All Tech's website. They are far more than minimal.

In sum, this Court may properly exercise specific personal jurisdiction over All Tech in this

5

case and its motion to dismiss for lack of personal jurisdiction should be denied.[1]

## Forum Non Conveniens

All Tech also seeks dismissal under the doctrine of forum non conveniens.

As Projects Unlimited demonstrates in its Memorandum in Opposition, venue of this case is proper in the Southern District of Ohio because a substantial part of the actions or omissions giving rise to the claim – delivery of the allegedly nonconforming goods – occurred in this District. 28 U.S.C. § 1391.

Given that venue is proper in this District, the remedy for an inconvenient forum would be transfer to a more convenient forum under 28 U.S.C. § 1404(a). Under that statute, the burden of proving the advisability of a transfer is on the party asserting it and there is a strong presumption in favor of the plaintiff's choice of forum. All Tech has failed to carry that burden. It asserts in conclusory fashion that it would be more convenient for the witnesses to have the case tried in New York, but has not listed any witnesses as yet. While, as All tech asserts, compulsory process is available to obtain witness testimony in New York, the same compulsory process can be used to obtain deposition testimony from those witnesses in New York which can be used at trial in Ohio. All Tech has made no showing that the so-called "public" factors favor transfer as there has been no showing that dockets in the Southern District of New York are less congested than those in Ohio. In fact, as of the end of 2008, 14.8% (3,385) of the pending civil cases in the Southern District of New York were more than three years old, whereas only 7.2% were that old in the Southern District

---

[1] A further prerequisite to personal jurisdiction is service of process. The docket shows that All Tech was served with a summons by certified mail. It has claimed insufficiency of process or service of process and has waived any such claims by not including them in its instant Motion. See Fed. R. Civ. P. 12(h).

of Ohio[2]. Nor has All Tech shown that either court is more familiar with the other State's law, should it be decided that New York law applies if the case is tried in Ohio or Ohio law applies if the case is tried in New York. As Projects Unlimited points out, the order was placed in Ohio, the goods were delivered and installed in other products by Ohio residents, and apparently the Projects Unlimited customer who was sent brake boxes with transistors instead of diodes is also an Ohio company.

All Tech is certainly not entitled to dismissal on the basis of forum non conveniens and it has also not established entitlement to transfer under 28 U.S.C. § 1404(a).

**Failure to State a Claim in Negligence**

Plaintiff's Fifth and Sixth Claims for Relief seeks money damages for negligence and negligent misrepresentation. All Tech asserts that these Claims fail to state claims upon which relief can be granted and seeks their dismissal under Fed. R. Civ. P. 12(b)(6).

This portion of the Motion to Dismiss was made under Fed. R. Civ. P. 12(b)(6) whose purpose is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

---

[2]Statistics maintained by the Administrative Office of United States Courts.

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(emphasis in original). See also *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 ( 2009).

All Tech asserts that, under Ohio law where the only legal relationship between the parties is contractual, there cannot be alternative liability in tort. All Tech relies on *Infocision Mgmt. Corp.*

*v. Found. for Moral Law, Inc.*, 2009 U.S. Dist. LEXIS 23640 (N.D. Ohio Jan. 14, 2009), where Judge Lioi held, applying Ohio law, "[a] tort claim based upon the same actions as those upon which a claim of breach of contract is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Id.* at *17 quoting *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App. 3d 137, 151, 684 N.E.2d 1261 (9th Dist. 1996) (citing *Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 117 (6th Cir. 1976)).

All Tech also relies on *Construcciones E Installaciones Electromecanicas S.A. v. Hi-Vac Corp*., 2009 U.S. Dist. LEXIS 65848 (S.D. Ohio July 24, 2009), where Judge Sargus of this Court held "Under well-established Ohio law, a plaintiff may not assert a tort claim based upon the same actions as those that form a claim for breach of contract. See, e.g., Wolfe v. Continental Cas. Co., 647 F.2d 705, 710 (6th Cir. 1981)("We recognized that a tort exists only if a party breaches a duty which he owes to another independently of the contract, that is, a duty which would exist even if no contract existed.")" *Id.* at *11.

Projects Unlimited responds by citing *Bede v. Dayton Power & Light Co.*, 2002 Ohio App. LEXIS 2373 (Ohio App. 2nd Dist. 2002). Judge Young's opinion in that case provides no support for Plaintiff's position as the parties had an employer-employee relationship. The cited case of *Freeman v. Beech Aircraft Corp.,* 1983 Ohio App. LEXIS 15878 (Ohio App. 12th Dist. Sept. 30, 1983), is also inapposite as it involved a products liability question.

Projects Unlimited has failed to show that it could recover tort damages under Ohio law where its sole legal relationship with All Tech is a matter of contract. Therefore Claims for Relief

Five and Six should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

December 5, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).