# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PROJECTS UNLIMITED, INC.,

      Plaintiff,             :         Case No. 3:09-cv-284

                                        District Judge Walter Herbert Rice
    -vs-                             Magistrate Judge Michael R. Merz

                            :

ALL TECH ELECTRONICS, INC.,

      Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (Doc. No. 17) to the Magistrate Judge's Report and Recommendations (Doc. No. 15) and Plaintiff's response (Doc. No. 18). The General Order of Assignment and Reference for the Magistrate Judges at Dayton allows them to reconsider reports or decisions when objections are made, without a separate order of recommittal under Fed. R. Civ. P. 72.

Defendant All Tech sought dismissal on three separate bases: (1) for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); (2) under the doctrine of forum *non conveniens*; and (3) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim in negligence. The Report concluded that dismissal was not warranted either for lack of personal jurisdiction or because of forum *non conveniens*, but that the negligence claims (Claims for Relief Five and Six) should be dismissed.

Neither party objects to the conclusions that (1) the Ohio long-arm statute does not allow **general** personal jurisdiction over this case; (2) the Complaint fails to state a claim against All Tech for negligence; or (3) the doctrine of forum *non conveniens* does not support dismissal of this action. The sole remaining contested question is whether this Court may properly exercise **specific** personal

1

jurisdiction over All Tech in this case.

## Analysis[1]

To establish specific personal jurisdiction, Projects Unlimited must, as the Report concludes, satisfy two legal tests:

1. It must show that Ohio law authorizes courts in Ohio, including federal courts, to exercise the jurisdiction. This is an exercise in interpreting Ohio's long-arm statute.

2. It must also show that the Due Process Clause of the Fourteenth Amendment permits the exercise, even if the Ohio long-arm statute authorizes it.

These two tests are separate, given the separate sources of the law which must be satisfied. It was long thought in the Sixth Circuit that the Ohio long-arm statute reached to the limits allowed by the Fourteenth Amendment, thus conflating the two tests. See *In-Flight Devices v. VanDusen Air, Inc.,* 466 F.2d 220 (6th Cir. 1972); *Creech v. Roberts*, 908 F.2d 75 (6th Cir. 1990); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996). However, in 1994, the Ohio Supreme Court held that the long-arm statute, Ohio Rev. Code § 2307.382, does not reach to constitutional limits. *Goldstein v. Christiansen*, 70 Ohio St. 3d 232235, 638 N. E. 2d 542, 543 (1994). The Sixth Circuit recognized this change in *Cole v. Mileti*, 133 F.3d 433, 436, (6th Cir. 1998). Precedent from before *Mileti* must be carefully considered to determine whether it recognizes this change in Ohio law.[2]

---

[1]All Tech refers to part of the analysis in the Report as "analysis," presumably intending sarcasm rather than postmodern irony. See Arrow, Pomobabble: Postmodern Newspeak and Constitutional "Meaning" for the Uninitiated, 96 Mich. L. Rev. 461 (1997).

[2]Precedent dated after *Mileti* may require the same care. Ideas, even authoritative ones, take time to diffuse among relevant audiences. Many lawyers still refer to the motion made at the close of the plaintiff's case as a motion for directed verdict, although Fed. R. Civ. P. 50 was

## Statutory Question

The Report's analysis of the statutory question is very brief. It notes that Ohio Rev. Code § 2307.382 authorizes courts in Ohio to "exercise personal jurisdiction over a person who acts, directly or by an agent, as to a cause of action arising from the person's (1) Transacting any business in this state; [or] (2) Contracting to supply goods or services in this state. . . ." There is no doubt that this case meets the statutory test: it arises out of All Tech's contracting to sell twenty reels of diodes to Projects Unlimited and then completing the sale by shipping those twenty reels to Projects Unlimited in Ohio.

The Objections do not address this conclusion. Instead, Defendant seems to elide the statutory and constitutional questions by arguing "Plaintiff's sole argument in its briefing in support of its argument that specific jurisdiction exists over All Tech is based on the fact that All Tech maintains a website." (Objections, Doc. No. 17, at 4.) That is an inaccurate reading of Plaintiff's position, which plainly relies on Ohio Rev. Code § 2307.382 (See Memorandum in Opposition, Doc. No. 13, at 9). Lest there be any continuing confusion, however, the Magistrate Judge concludes Ohio law authorizes this Court to exercise personal jurisdiction over All Tech in this case because the case arises out of All Tech's contracting to supply goods in this State, a conclusion which does not depend at all on the existence of an All Tech website.[3]

---

changed in 1991.

[3]Ohio Rev. Code § 2307.382 was last amended in 1988 (1988 H 90, eff. 9-9-1988), well before the commercialization of the World Wide Web. Indeed, in 1988 the Web was merely a glimmer in the eye of Tim Berners-Lee. Entry, History of the World Wide Web, at wikipedia.org

**Constitutional Question**

In *Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002), the Court of Appeals reversed this Court's dismissal of several defendants for lack of personal jurisdiction.[4] Noting the distinction between the statutory and constitutional questions, it stated:

> Nevertheless, in evaluating whether personal jurisdiction is proper under Ohio's long-arm statute, we have consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend "traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)); *Cole v. Mileti,* 133 F.3d 433, 436 (6th Cir. 1998) (addressing the due process concerns rather than inquiring into the propriety of jurisdiction under Ohio's long-arm statute).

*Id.* at 871-872. In deciding the specific jurisdiction due process question, the *Bird* court quoted as applicable the test from *Southern Machine Co. v. Mohasco Industries, Inc*., 401 F.2d 374, 381 (6th Cir. 1968), which was relied on in the Report at 4:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*Bird*, 289 F.3d at 874, citing *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721-24 (6th Cir. 2000).

Entirely apart from any consideration of whether All Tech's website is sufficiently interactive to support personal jurisdiction (See *Bird*, 289 F.3d at 874-875), Projects Unlimited argued and the Magistrate Judge concluded from the evidence submitted, including the admissions by All Tech, that Defendant had "purposefully availed" itself of doing business in Ohio by making

---

[4]*See Bird v. Parsons*, 127 F. Supp. 2d 885 (S.D. Ohio 2002)(Merz, M.J.)

almost $2 million in sales into Ohio since 2001. (Report, Doc. No. 15, at 5). The Report concluded "These extensive sales are far more important than the appropriate characterization of All Tech's website. They are far more than minimal." *Id.*

All Tech objects that the Magistrate Judge's "two sentence 'analysis'" is itself too minimal for two reasons: (1) it "fails to account for the amount of sales as a percentage of Ohio's[5] overall business," spread over eight years; and (2) it "failed to consider the extensive briefing on this issue." (Objections, Doc. No. 17, at 5, 6.)

Taking the second point first, the case law cited does not support Defendant's position. All Tech relies on *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978 (6th Cir. 1992), for the proposition that $900,000 in sales in one year was insufficient to establish personal jurisdiction. However, in *Conti* the sales of defendant's products in Ohio were being made by an independent distributor, not the defendant, and the cause of action did not relate to those sales, but to defendant's employment of Conti.

All Tech also relies on *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408 (1984). In that case the Supreme Court refused to permit the Texas courts to exercise personal jurisdiction over a Peruvian corporation in a wrongful death action arising from a helicopter crash in Peru. The Court held that, because the cause of action did not arise out of the Peruvian corporation's contact with Texas, the Due Process Clause was not satisfied. *Helicopteros Nacionales* does not apply to this case where the lawsuit arises out of All Tech's contact with Ohio.

All Tech also relies on *Cubbage v. Merchent,* 744 F. 2d 665 (9th Cir. 1984), for the proposition that California courts could not exercise jurisdiction over Arizona resident doctors for a medical malpractice case that arose in an Arizona hospital. The portion of the *Cubbage* opinion

---

[5]The context makes it clear that Defendant meant "All Tech's" overall business, rather than "Ohio's." (See objections, Doc. No. 17, at 5-6.)

5

to which All Tech cites, 744 F.2d 665 at 667-668, is the portion where the Ninth Circuit denied that there was **general** personal jurisdiction over the defendant doctors. In the **specific** jurisdiction portion of the opinion, however, the court held "assertion of *in personam* jurisdiction over appellees by a district court sitting in California does not offend due process." *Id.* at 672. Thus All Tech reads *Cubbage* 180 degrees incorrectly for the question at issue here. Finally, *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039 (2d Cir. 1991), is also a general jurisdiction case; the court expressly held "Alexander & Alexander has not argued that Sedgwick's activities in New York are related to the Landoil transaction at issue in this litigation. Therefore, New York's long-arm statute, CPLR 302, which permits the exercise of long-arm jurisdiction over actions based upon transactions in New York, is not applicable." 918 F.2d at 1041, n. 5. In sum, none of the case law relied on by All Tech in its Objections supports the proposition that $2 million in sales over eight years is too minimal a set of contacts with Ohio to support jurisdiction over a lawsuit arising out of one of those sales.

Both parties argue at length about how interactive All Tech's website is. That question is relevant, but not outcome-determinative. The evidence cited in Plaintiff's Memorandum in Opposition (Doc. No. 18) at 6 is sufficient to meet the standard set by the Sixth Circuit in *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002), to wit, it is interactive enough to reveal "specifically intended interaction with residents of the state." The *Neogen* standard was reinforced in *Bird*, 289 F.3d at 874-875. But importantly the website does not stand alone; it is buttressed by $2 million in sales in Ohio over eight years.

All Tech's first argument is that its $2 million in Ohio sales must be weighed against its $100 million in sales nationally, but it cites no case law to that effect that effect. (see Objections, Doc. No. 17, at 5-6). As Projects Unlimited argues (Memorandum in Opposition, Doc. No. 18, at 7-8), All Tech seems to be arguing that it can only be sued in its home State of New York. It does not tell

the Court where it makes sales or what proportion of those sales would be sufficient to constitute "minimum contacts" under the Fourteenth Amendment.

Justice Brennan wrote for the Court in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), that a finding of purposeful availment does not conclude the personal jurisdiction inquiry. "Once it has been established that a defendant purposefully established minimum contacts within the forum State, these contacts must be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair and substantial justice.' The Court held a Florida court could properly exercise personal jurisdiction over an individual Michigan franchisee of Burger King.

There is nothing unfair or unjust in requiring a company which has done $100 million in sales nationwide to defend an action arising out of one of those sales in a State where it has done $2 million in business. In *Hess v. Pawloski*, 274 U.S. 352 (1927), the Supreme Court unanimously[6] upheld personal jurisdiction in Massachusetts over a transient non-resident for damages caused by a motor vehicle accident while he was driving in the Commonwealth. *Hess* is still good law. If it did not offend due process in 1927 to make a transient motorist defend an accident case in a State he passed through, it does not offend due process today to make All Tech defend this case in this Court.

It is again respectfully recommended that the Motion to Dismiss for lack of personal jurisdiction be denied.

December 31, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

---

[6] The Court at the time consisted of Chief Justice Taft and Justices Holmes, Van Devanter, McReynolds, Brandeis, Sutherland, Butler, Sanford, Stone.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).